# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBINSON'S CATERING INC., D/B/A BRANCATO'S CATERING, | )<br>)<br>) |
| Plaintiff, | ) Case No. |
| v. | )<br>)<br>) |
| BRANCATO'S MARKET LLC, | )<br>) |
| Defendant. | ) |

## VERIFIED COMPLAINT

Robinson's Catering Inc., d/b/a Brancato's Catering ("Brancato's"), by and through its undersigned attorneys and in support of its Verified Complaint against Defendant, Brancato's Market LLC, ("Brancato's Market") states as follows:

## NATURE OF THE CASE

1. This is an action for trademark infringement, unfair competition, and trademark dilution to prevent further confusion in the marketplace between Plaintiff Brancato's, an established Kansas City catering company, and Defendant Brancato's Market, a planned restaurant and market in North Kansas City that intends to open for business in the immediate future.

2. Brancato's has offered food preparation, food service, and catering services to the greater Kansas City area using the service mark "Brancato's" (hereafter "the Brancato's Mark" or "the Mark") for over twenty years. In this time, Brancato's has developed significant goodwill as customers have come to associate the name Brancato's with Brancato's high-quality offerings in the food service and catering industry. Brancato's has filed an application for a federal trademark registration relating to its uses of the Mark.

3. In disregard for Brancato's rights in the Mark, Brancato's Market recently announced plans to open a restaurant and market in North Kansas City using the Brancato's Mark. This announcement has already caused confusion in the marketplace, as detailed in the proceeding paragraphs. Brancato's seeks relief against Brancato's Market to stop further customer confusion and to prevent Brancato's Market from usurping the goodwill that Brancato's has built in the Mark for over two decades.

## THE PARTIES

4. Brancato's is a Missouri corporation with its principal place of business in Kansas City, Kansas.

5. Brancato's Market is a Missouri limited liability company with its principal place of business in Kansas City, Missouri.

## JURISDICTION AND VENUE

6. This is an action for infringement of an unregistered mark (unfair competition) under the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under Missouri common law, and for dilution under Mo. Rev. Stat. § 417.061.

7. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 in that this action involves questions of federal law pursuant to 28 U.S.C. § 1338(a) and (b), involving federal claims for trademark infringement and unfair competition.

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over Defendant Brancato's Market because it operates its business and engages in the infringing activity in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this District and Brancato's Market is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### Brancato's and the Brancato's Mark

11. Brancato's Catering, a family-owned business, has been providing high quality catering and food preparation services to the greater Kansas City region since 1942.

12. The Kansas City market includes Missouri and Kansas. Brancato's advertising and business also include Missouri and Kansas customers.

13. Since at least May 7, 1999, Brancato's has been using the Brancato's Mark to market its services.

14. Brancato's is a leading caterer in Kansas City for both large and small events, catering over 3000 events per year. These events range from large corporate functions and weddings to small parties and backyard picnics. Likewise, Brancato's offers catering styles ranging from lavish seated dinners and elegant cocktail parties to barbeque spreads and box lunches.

15. Brancato's also operates a mobile food truck, Cato's Kitchen Food Truck, which serves quick and hot meals from the parking lot of its facility in Kansas City, Kansas.

16. Brancato's regularly and repeatedly uses the Brancato's Mark to advertise its catering and food preparation services in the Kansas City area.

17. Brancato's runs ads daily using the Brancato's Mark in a variety of media, including: print ads in several area and regional magazines; billboards; email marketing; social media, radio, direct mail, digital advertising (including Google Ads, online magazines, and online

3

listings), and in-person promotions at industry and wedding showcases. *See* **Exhibit A** (Samples of Brancato's Marketing).

18. In addition to investing a significant amount of time in marketing the Brancato's Mark and brand, Brancato's spends roughly $150,000-$175,000 per year in advertising, utilizing the Brancato's Mark. This advertising is directed to consumers in the Kansas City area.

19. Since 1999, Brancato's has extensively and consistently used the Brancato's Mark in connection with its food preparation and catering services.

20. Because of this long-term, consistent, and high-profile use of the Mark, Brancato's has developed significant goodwill in the Mark and a loyal following in the greater Kansas City area—which includes North Kansas City.

21. Brancato's has won numerous awards for its quality catering services, including, 2021 Kansas City Magazine: KC's Best Wedding Caterer; 2021, 2020, 2019, 2017, 2015, 2013, and 2010 The Knot: Best Caterer; Wed KC: 2020 Kansas City Wedding Vendor Choice Awards Caterer of the Year; 2019 Missouri Lawyer's Weekly: KC's Best Caterer; 2021 and 2019 Wedding Wire Couple's Choice: Best Caterer; 2021 and 2019 Ingram's Magazine: One of KC's Best Caterers; Feast Magazine: 2018 Winner for Best Caterer Kansas City; 2014 Supplier of the Year Award at the Department of Convention & Entertainment Facilities; 2009 Luxe Awards: Best Menu & Food Presentation; 2009 Luxe Awards: Best Reception. *See* **Exhibit B** (Examples of Awards won by Brancato's).

22. In 2015, Brancato's became a member of the Leading Caterers of America—an exclusive, invitation-only group of the top 53 caterers from across the nation.

23. As a result of this established goodwill, consumers in the greater Kansas City area and others in the industry have come to associate the Brancato's Mark with Brancato's high-end food preparation and catering services.

### Defendant and the Infringing Marks

24. Despite Brancato's long, continuous, and extensive use of the Brancato's Mark in connection with food preparation and catering services in the greater Kansas City area, in June 2021, Defendant announced its intention to open a "new Italian market concept" known as Brancatos' Market in North Kansas City. **Exhibit C** (Screen Capture of Brancato's Market's June 17, 2021 Facebook Post).

25. Upon information and belief, Brancato's Market will offer food preparation and catering services. Additionally, Brancato's Market will serve quick and hot meals from a mobile food trailer. *Id.*; *see also* **Exhibit D** (Screen Capture of Brancato's Market's June 26, 2021 Facebook Post).

26. On or about July 19, 2021, Brancato's, through its attorneys, sent a cease and desist letter to Brancato's Market explaining why its use of the Brancato's Mark infringed upon Brancato's intellectual property rights (the "Letter"). The Letter is attached hereto as **Exhibit E.**

27. Following receipt of the Letter, Brancato's Market refused to stop its use of the Brancato's Mark. Instead, upon information and belief, Brancato's Market changed its name to "Joe Brancato's Italian Sausage & Market."

28. Both "Brancato's Market" and "Joe Brancato's Italian Sausage & Market" (the "Infringing Marks") are confusingly similar to the Brancato's Mark. Indeed, the Infringing Marks wholly incorporate the Brancato's Mark.

29. Brancato's Market's use of the Brancato's Mark is not authorized by Brancato's.

30. Brancato's Market's use of the Infringing Marks in connection with its food preparation and catering business infringes upon Brancato's rights in the Brancato's Mark because, among other things, the marks are nearly identical, they are being used in the same or similar channels of trade and among the same target customers, they are being used in connection with overlapping services, and they have caused actual consumer confusion.

31. Brancato's Market enjoys the positive association of its business with the Brancato's reputation—an intentional act that benefits Brancato's Market.

32. Brancato's Market's unauthorized use of the Brancato's Mark, after receiving notice of Brancato's rights in the Mark, is willful and deliberate and suggests a bad faith intent to profit off of Brancato's goodwill.

33. Brancato's Market's use of a mark that is confusingly similar to that of Brancato's is likely to lead customers to be confused, mistaken, or deceived as to the affiliation, connection, or association of Brancato's Market with Brancato's, or as to the origin, sponsorship or approval of Brancato's Market's usage by Brancato's, in violation of 15 U.S.C. § 1125(a).

34. Brancato's Market's conduct has also induced consumers to mistakenly believe that Brancato's has sponsored, endorsed, or approved such usage, thereby falsely suggesting that Brancato's Market and the Infringing Mark were or are connected to Brancato's.

35. There is a strong likelihood of consumer confusion between Brancato's and Brancato's Market as there is substantial overlap in their business—both parties will prepare and sell food, both parties will operate a food truck (or trailer), and both parties will cater small events.

36. Brancato's Market's use of the Brancato's Mark in association with its competing services has already caused confusion among consumers in the greater Kansas City area, and will continue to cause confusion.

37. The following instances of actual confusion have already occurred:

   a. In July 2021, two customers called Brancato's to ask about the opening of Brancato's Market.

   b. In July 2021, Brancato's received a call from a vendor, inquiring about potential services the vendor could provide at the new market location in North Kansas City.

   c. In August 2021, a journalist from a regional periodical called Brancato's to get more information about Brancato's Market.

   d. In September 2021, a potential new employee told Brancato's that she thought the Brancato's and Brancato's Market were affiliated and that her interview would be at the Market location off North Oak Trafficway—where Brancato's Market intends to open.

   e. In September 2021, an advertising solicitor congratulated Brancato's on the opening on of their Gladstone store—where Brancato's Market intends to open. **Exhibit F** (Email from Advertising Solicitor).

   f. On October 7, 2021, Brancato's received an email inquiry that states: "Hello. Just wanting to know where your new location will be in the northland?" **Exhibit G** (Email from Customer).

   g. On or about October 9, 2011, a relative of the Brancato family saw a "Brancato's Market" mobile food trailer, belonging to the Defendant, in downtown Kansas City. The relative mistakenly believed that the food trailer belonged to the Plaintiff, Brancato.

38. Brancato's brings this action, and its concurrently filed motion for injunctive relief, to enjoin Brancato's Market from further use of its confusingly similar mark since such activity causes confusion in the marketplace and results in irreparable harm to Brancato's.

39. Further, absent an order enjoining Defendant from continuing the aforementioned infringement, and preventing Defendants from using the Infringing Mark, the Brancato's Mark, or any other confusingly similar marks, Brancato's will suffer further irreparable harm and consumers will continue to be confused.

**COUNT I:**
**Trademark Infringement/Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a)**

40. Brancato's incorporates and re-alleges the preceding paragraphs as though fully stated herein.

41. Brancato's has valid and enforceable rights in the Brancato's Mark as alleged herein.

42. Brancato's Market's current and planned future use of the Infringing Marks in connection with its food preparation and catering services is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Brancato's Market and Brancato's, or as to the origin, sponsorship, or approval of Brancato's Market's products and services by Brancato's.

43. Brancato's Market's unauthorized use of the Brancato's Mark and the complained-of acts herein is willful and knowing and done with the intention of capitalizing on the valuable goodwill of the Brancato's Mark.

44. Brancato's Market's actions therefore constitute trademark infringement in violation of 15 U.S.C. § 1125(a).

45. As a direct and proximate result of Brancato's Market's trademark infringement, Brancato's has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill.

## COUNT II:
### Missouri Common Law Unfair Competition

46. Brancato's incorporates and re-alleges the preceding Paragraphs as though fully stated herein.

47. Brancato's Market's current and planned use of the Infringing Mark is "in commerce" within the meaning ascribed by Missouri common law.

48. Brancato's Market's current and planned use of the Infringing Mark is likely to cause confusion, to cause mistake, or to deceive consumers.

49. Brancato's Market's actions are willful and have caused, and continue to cause, Brancato's irreparable harm, justifying the imposition of injunctive relief.

## COUNT III:
### Dilution in Violation of Missouri Revised Statute § 417.061, et seq.

50. Brancato's incorporates and re-alleges the preceding Paragraphs as though fully stated herein.

51. Brancato's Market's infringing use of the Brancato's Mark have caused, or will continue to cause dilution of the distinctive quality of the Brancato's Mark and diminishes the ability of the consumer to distinguish between Brancato's and Brancato's Market.

52. Brancato's Market's has engaged in dilution in violation of Mo. Rev. Stat. § 417.061, et seq.

53. Brancato's Market's actions are willful and have caused, and continue to cause, Brancato's irreparable harm, justifying the imposition of injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brancato's Catering requests that this Court enter judgment in its favor against Defendant Brancato's Market on all three Counts alleged herein and that this Court:

A. Find that Defendant infringed the Brancato's Mark in violation of 15 U.S.C. § 1125(a);

B. Find that Defendant engaged in unfair competition detrimental to Brancato's Catering in violation of 15 U.S.C. § 1125(a);

C. Find that Defendant's acts have caused dilution of the Brancato's Mark in violation of Mo. Rev. Stat. § 417.061, et seq.;

D. Enter judgment against Defendant and in favor of Brancato's Catering on all applicable counts;

E. Find the acts of Defendant were willful, knowing, and for profit and declaring this case exceptional;

F. Award to Brancato's Catering any profits derived from Defendant's trademark infringement, unfair competition, or dilution;

G. Preliminary and permanently enjoin Defendant and its officers, employees, agents, attorneys, servants, and any person in active concert with it:

    a. from using the Brancato's Mark and any other trademark, service mark, trade name or domain name, which is confusingly similar to the Brancato's Mark, including Brancato's Italian Sausage, Brancato's Market, and Joe Brancato's Italian Sausage & Market, in connection with catering and/or food services in the Kansas City area.

      b.      from any further acts of trademark infringement or unfair competition in violation of 15 U.S.C. § 1125(a), or Missouri common law, and from any further acts of dilution under Mo. Rev. Stat. § 417.061;

H.      Enter any other relief that this Court deems necessary to maintain the status quo;

I.      Award to Brancato's Catering its costs and attorneys' fees to the extent not awarded above; and

J.      Grant Brancato's Catering such other and further relief as justice may require.

## JURY DEMAND

Plaintiff, Brancato's Catering, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: October 13, 2021                            Respectfully submitted,

                                                  **STINSON LLP**

                                                  */s/ B. Scott Eidson*
David R. Barnard, #47127
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Telephone: (816) 691-2608
Facsimile: (816) 412-1017
david.barnard@stinson.com

Scott Eidson, #57757
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone (314) 863-0800
Facsimile (314) 863-9388
scott.eidson@stinson.com

**ADLER & MANSON, LC**
Jim Adler, #26845
9233 Ward Parkway, Suite 240
Kansas City, MO 64114
Telephone: (816) 333-0400
Facsimile: (816) 333-1547
jim@adlerandmanson.com

*Attorneys for Brancato's Catering*

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___12___ day of October, 2021, the following was filed electronically through the Court's CM/ECF system, which will send notification to all counsel of record.